UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JAMES H. BRADY,

              Plaintiff,

   -v-

GEOFFREY S. BERMAN, United States
Attorney for the Southern District of New York,

             Defendant.
------------------------------------------------------------ x

Case No. 18 Civ. 8459 (VEC)


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

 

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-3274
Fax:  (212) 637-2786
E-mail: rachael.doud@usdoj.gov

RACHAEL L. DOUD
 Assistant United States Attorney
 – Of Counsel –

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .............................................................................................................................. 2

ARGUMENT .................................................................................................................................... 5

    I.    LEGAL STANDARD……………………………………………………………… 5

    II.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED ...................................................... 6

        A.  The Portion of Plaintiff's Complaint Challenging Judge Kornreich's Decision Is Barred by the Pre-Suit Injunction Entered in *Goldman*……………..…….…….……….6

        B.  Plaintiff Lacks Standing to Seek an Injunction Compelling Defendant to Investigate or Prosecute the Alleged Crimes………………………………………………………6

        C.  Plaintiff's Allegations Regarding Defendant's Purported Failure to Investigate Crimes Fail to State a Claim to Relief……………………………………7

        D.  To the Extent Plaintiff Asserts a Claim under FOIA, That Claim Also Fails………..…9

CONCLUSION……………………………………………………………………………..11

## Table of Authorities

Page(s)

**Cases**

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................. 5, 6

*Brady v. Goldman*,
  18 Civ. 8459 (S.D.N.Y.) ......................................................................................... 1, 4, 6

*Brady v. Schneiderman*,
  No. 15-CV-9141 (RA), 2016 WL 3906737 (S.D.N.Y. July 13, 2016) ...................... 7

*Bryant v. City of New York*,
  No. 99-CV-11237 (LMM), 2003 WL 22861926 (S.D.N.Y. Dec. 2, 2003) ............... 8

*Carvel v. Ross*,
  No. 09 Civ. 0722 (LAK) (JCF), 2011 WL 856283 (S.D.N.Y. Feb. 16, 2011) .......... 9

*Elk Grove Unified Sch. Dist. v. Newdow*,
  542 U.S. 1 (2004) ........................................................................................................ 5

*Fiorito v. DiFiore,*
  No. 13-CV-2691 (CS), 2014 WL 4928979 (S.D.N.Y. Oct. 2, 2014) ......................... 7

*First Nationwide Bank v. Gelt Funding Corp.*,
  27 F.3d 763 (2d Cir. 1994) .......................................................................................... 6

*Hayden v. County of Nassau*,
  180 F.3d 42 (2d Cir. 1999) .......................................................................................... 8

*Lerner v. Fleet Bank, N.A.*,
  318 F.3d 113 (2d Cir. 2003) ........................................................................................ 5

*Linda R.S. v. Richard D.*,
  410 U.S. 614 (1973) ............................................................................................ 2, 7, 8

*Lowrance v. Achtyl*,
  20 F.3d 529 (2d Cir. 1984) .......................................................................................... 8

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) .................................................................................................... 7

*Makarova v. United States*,
  201 F.3d 110 (2d Cir. 2000) ........................................................................................ 5

*McKevitt v. Mueller*,
  689 F. Supp. 2d 661 (S.D.N.Y. 2010) ............................................................................. 11

*McPherson v. Coombe*,
  174 F.3d 276 (2d Cir. 1999) ............................................................................................ 5

*Morrison v. Nat'l Austl. Bank Ltd.*,
  547 F.3d 167 (2d Cir. 2008) ............................................................................................ 5

*NAACP Legal Def. & Educ. Fund, Inc. v. U.S. Dep't of Hous. & Urban Dev.*,
  No. 07 Civ. 3378, 2007 WL 4233008 (S.D.N.Y. Nov. 30, 2007) .............................. 9, 10

*Robinson v. Overseas Military Sales Corp.*,
  21 F.3d 502 (2d Cir. 1994) .............................................................................................. 8

*S.E.C. v. Rorech*,
  673 F. Supp. 2d 217 (S.D.N.Y. 2009) ............................................................................. 5

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ................................................................................................ 6, 7

*United States v. Vazquez*,
  145 F.3d 74 (2d Cir. 1998) .............................................................................................. 5

*Weisshaus v. New York*,
  No, 08 Civ. 4053 (DLC), 2009 WL 2579215 (S.D.N.Y. Aug. 20, 2009) ................... 5, 7

**Statutes**

18 U.S.C. § 242 ................................................................................................................. 1, 3, 8

5 U.S.C. § 552 ................................................................................................................... 2, 4, 9

18 U.S.C. § 1346 ............................................................................................................... 1, 3, 9

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................ 2, 5

**Regulations**

28 C.F.R. § 16.3 ....................................................................................................................... 10

## PRELIMINARY STATEMENT

Plaintiff James H. Brady ("Plaintiff"), proceeding pro se, brings this action against Defendant Geoffrey S. Berman, in his official capacity as United States Attorney for the Southern District of New York ("Defendant"), alleging that Plaintiff "needs [Defendant's] protection . . . for two admitted crimes" allegedly committed by various New York State judges when they issued decisions adverse to Plaintiff. (Complaint (Dkt. No. 1) ("Complaint" or "Compl.") ¶ 1.) Plaintiff seeks an injunction requiring Defendant to "protect [him] from the consequences of these two admitted crimes," and also to "turn over the files on [Plaintiff]" purportedly in Defendant's possession. (*Id.* ¶¶ 6, 64.) Plaintiff's Complaint should be dismissed as barred by the pre-suit injunction entered in *Brady v. Goldman*, 18 Civ. 8459 (S.D.N.Y.), as well as for lack of subject matter jurisdiction and failure to state a claim.

The first "crime" Plaintiff alleges involves New York Supreme Court Justice Shirley Kornreich's decisions in a lawsuit brought by Plaintiff concerning the air rights to his commercial cooperative building located at 450 West 31st Street in Manhattan. This is at least Plaintiff's tenth attempt to litigate that dispute, the ninth having resulted in Judge Abram's entry of a pre-suit injunction in *Brady v. Goldman*. The second alleged "crime" involves Plaintiff's leases of floors in another building, which Plaintiff alleges the landlord illegally converted to office space, thereby decreasing the value of Plaintiff's leases. The landlord sued Plaintiff, and Plaintiff alleges that the New York State judges who heard that case violated his rights by "deliberately refus[ing] to apply the law to the admitted and proven facts." (Compl. ¶ 3.) Plaintiff asserts that, by failing to investigate these purported crimes, Defendant violated Plaintiff's rights under the Due Process and Equal Protection Clauses; 18 U.S.C. § 242 (Deprivation of Rights under Color of Law); and 18 U.S.C. § 1346 (Honest Services Fraud). Additionally, though he does not assert any cause of action under the Freedom of Information

Act ("FOIA"), 5 U.S.C. § 552, Plaintiff alleges that "[d]espite receiving over a dozen letters, Mr. Berman and his Office has repeatedly denied Freedom of Information requests, most recently in the September 13, 2018 letter stating they have no information on [Plaintiff]," and seeks "injunctive and other appropriate relief seeking the disclosure of agency records improperly withheld from Plaintiff." (*Id.* ¶¶ 5, 65.)

As discussed in more detail below, Plaintiff's allegations regarding the first alleged "crime" are barred by the pre-suit injunction entered in *Goldman*. At any rate, Plaintiff lacks standing as to those allegations and those pertaining to the other alleged "crime," because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, those claims should be dismissed for lack of subject matter jurisdiction. Additionally, those claims fail to state a claim upon which relief could be granted, and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as well. Finally, to the extent Plaintiff intends to assert a claim under FOIA, that claim also fails because Plaintiff's failure to submit a valid FOIA request deprives this Court of jurisdiction over any such claim.

## BACKGROUND

Plaintiff alleges that he "needs the protection of the United States Attorney for the Southern District of New York, Hon. Geoffrey S. Berman, for two admitted crimes that took place under color of law." (Compl. ¶ 1.) Plaintiff alleges that "[t]he first admitted crime was admitted to by NYS Supreme Court Justice Shirley Kornreich on September 10, 2014 when she admitted that in her July 15, 2014 decision she deliberately took out all 40 words" in the offering plan for Plaintiff's 450 West 31st Street cooperative building and "replaced them with 70 different words that void what the contract [and an earlier Appellate Division decision] say on their face." (*Id.* ¶ 2.) Plaintiff alleges that, pursuant to the contract and the Appellate Division

2

decision, "I have the right to the utilization of the premise's $70-90 million in developmental [air] rights," while "under Judge Kornreich's rewording, [Plaintiff] is left with nothing at all." (*Id.* ¶ 18.) Plaintiff also contends that Judge Kornreich's decision to sanction Plaintiff $500,000 in attorney's fees violated his rights. (*Id.* ¶ 22.)

Plaintiff alleges that "[t]he second undisputed crime was committed by Supreme Court Justice Barry Ostrager, Appellate Division, First Department judges Peter Tom, Barbara Kapnick, Richard Andrias, and Troy Webber, and the NYS Court of Appeals [when they] deliberately refused to apply the law to the admitted and proven facts" with regard to a case between Plaintiff and his landlord regarding his leases in another building. (Compl. ¶¶ 3, 37.) Plaintiff alleges that he "now must pay over $1.7 million dollars on September 5, 2018, to a Landlord that admittedly destroyed [his] corporations three meeting hall businesses because the Judges of the State of New York deliberately refused to address the merger clause of [his] three corporate leases, and have refused to apply the law that voids personal guarantees to the admitted facts as part of a retaliation scheme against [Plaintiff]." (*Id.* ¶ 37.)

Plaintiff alleges that "Mr. Berman and his Office were made aware of these undisputed crimes in multiple letters and [have] refused to take any action on these admitted crimes." (Compl. ¶ 5.) Plaintiff also alleges that "[d]espite receiving over a dozen letters, Mr. Berman and his Office [have] repeatedly denied Freedom of Information requests, most recently in the September 13, 2018 letter stating they have no information on Petitioner James H. Brady." (*Id.*)

Plaintiff asserts claims for violation of his due process and equal protection rights (Count 1), violation of 18 U.S.C. § 242 (Deprivation of Rights under Color of Law) (Count 2), and violation of 18 U.S.C. § 1346 (Honest Services Fraud) (Count 3). With regard to Count 2, Plaintiff argues that "[t]he Office of the United States Attorney for the Southern District of New

York has a Public Corruption Unit which is supposed to handle cases like the one presented in this Complaint," yet has "[done] nothing about it." (Compl. ¶ 58.) With regard to Count 3, Plaintiff alleges that Defendant's "failure to perform even a cursory investigation into the crimes detailed in this Complaint is a form of Honest Services Fraud." (*Id.* ¶ 61.)

Plaintiff seeks "a Mandatory Injunction compel[l]ing Mr. Berman as United States Attorney for the Southern District and his Office to protect [Plaintiff] from the consequences of these two admitted crimes," and "a Freedom of Information request[] pursuant to 5 U.S.C. § 552, for injunctive and other appropriate relief seeking the disclosure and release of agency records improperly withheld from Plaintiff." (Compl. ¶¶ 64-65.)

On February 3, 2017, Judge Abrams issued an order in *Brady v. John Goldman, Esq. et al.*, No. 16-CV-2287 (S.D.N.Y.), another case brought by Plaintiff, enjoining Plaintiff from "filing new actions in the Southern District of New York that relate in any way to the cooperative's air rights appurtenant to his cooperative unit at 450 West 31st Street, New York, New York" and directed that the injunction "should be broadly construed to bar the filing without leave of this Court of *any* case, against *any* defendant that has as a factual predicate the cooperative's air rights appurtenant to Plaintiff's penthouse unit, or *any* of the collateral actions that have arisen from it." *See Goldman*, No. 16-CV-2287, Dkt. No. 85, *aff'd*, Dkt. No. 87. On September 21, 2018, this Court entered an order directing Plaintiff to show cause, by October 5, 2018, as to why this case should not be dismissed pursuant to the pre-suit injunction entered in *Goldman*. (Dkt. No. 4.) On October 5, 2018, Plaintiff filed a declaration purporting to show cause why the pre-suit injunction is inapplicable. (Dkt. No. 5.)

4

**ARGUMENT**

I. **LEGAL STANDARD**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted). In considering a motion to dismiss pursuant to Rule 12(b)(1), the Court "generally must accept the material factual allegations in the complaint as true," but "does not . . . draw all reasonable inferences in the plaintiff's favor." *S.E.C. v. Rorech*, 673 F. Supp. 2d 217, 221 (S.D.N.Y. 2009). In assessing its jurisdiction, the Court may consider evidence outside of the pleadings. *United States v. Vazquez*, 145 F.3d 74, 80 (2d Cir. 1998).

"As part of establishing that the court has 'constitutional power to adjudicate' the case, a party bringing suit in federal court must first establish standing under Article III of the Constitution to prosecute the action." *Weisshaus v. New York*, No. 08 Civ. 4053 (DLC), 2009 WL 2579215, at *3 (S.D.N.Y. Aug. 20, 2009) (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004)). "Put otherwise, 'constitutional standing is a jurisdictional prerequisite to suit.'" *Id.* (quoting *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 126 (2d Cir. 2003)).

On a Rule 12(b)(6) motion, the Court must accept all well-pleaded allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Courts must "read the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (citation and internal quotation marks omitted). However, the plaintiff must plead "enough facts to state a claim to relief that is

5

plausible on its face." *Twombly*, 550 U.S. at 570.  Mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true.  *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) (citation and internal quotation marks omitted).

## II. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED

### A. The Portion of Plaintiff's Complaint Challenging Judge Kornreich's Decision Is Barred by the Pre-Suit Injunction Entered in *Goldman*

In the absence of leave from the Court, which he has not obtained, Plaintiff is barred from "filing new actions . . . that relate in any way to the cooperative's air rights appurtenant to his cooperative unit at 450 West 31st Street, New York, New York."  *Goldman*, No. 16-CV-2287, Dkt. No. 85 at 3.  Much of Plaintiff's Complaint relates to Defendant's alleged failure to investigate Judge Kornreich's conduct in connection with a case about that precise topic.  Plaintiff does not dispute this in his declaration submitted in response to the Court's Order to Show Cause, but instead merely argues, without support, that "[t]he demand for . . . protection from the U.S. Attorney is a constitutional right and does not constitute a 'new action' under the filing injunction."  (Dkt. No. 5 at 2.)  Because the instant suit clearly constitutes a "new action," the pre-suit injunction is applicable to Plaintiff's claims relating to the cooperative's air rights.[1]

### B. Plaintiff Lacks Standing to Seek an Injunction Compelling Defendant to Investigate or Prosecute the Alleged Crimes

To establish standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected

---

[1] By contrast, Defendant agrees that the injunction does not appear to apply to the portion of Plaintiff's suit that relates to his IGS Realty leases, and would not bar a properly presented FOIA case seeking records on Plaintiff.

interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' " *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

It is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S.*, 410 U.S. at 619.  This is because "[a] crime victim who sues to force the prosecution of the person who did her wrong was injured by that person, not by the failure to prosecute that person." *Fiorito v. DiFiore,* No. 13-CV-2691 (CS), 2014 WL 4928979, at *3 (S.D.N.Y. Oct. 2, 2014) (citing *Linda R.S.*, 410 U.S. at 618). Accordingly, a citizen "lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution," *Linda R.S.,* 410 U.S. at 619, or, similarly, "to challenge the [prosecutor's] failure to investigate." *Fiorito*, 2014 WL 4928979, at *3; *see also Weisshaus*, 2009 WL 2579215, at *3 ("Where a crime victim brings suit contesting the non-prosecution of the alleged perpetrator, courts have found that the victim lacks standing to do so.").  Here, Plaintiff challenges Defendant's failure to investigate and prosecute crimes he alleges New York State judges committed against him, and, accordingly, lacks standing.  *See Brady v. Schneiderman*, No. 15-CV-9141 (RA), 2016 WL 3906737 (S.D.N.Y. July 13, 2016) (dismissing similar case brought by Plaintiff against Attorney General Schneiderman for lack of standing).

### C. Plaintiff's Allegations Regarding Defendant's Purported Failure to Investigate Crimes Fail to State a Claim to Relief

Even if Plaintiff were to establish standing, his Complaint nevertheless warrants dismissal for failure to state a claim.

In Count 1 of his Complaint, Plaintiff alleges that Defendant violated Plaintiff's equal protection and due process rights "by knowingly allowing the execution of two crimes committed under color of law and refusing to protect [Plaintiff] from these crimes."  (Compl. ¶

7

53.) In order to make out an equal protection claim, however, Plaintiff would have to allege that Defendant "intentionally discriminated against [him] on the basis of race, national origin or gender." *Hayden v. County of Nassau*, 180 F.3d 42, 48 (2d Cir. 1999). Plaintiff makes no such allegation, and therefore fails to plausibly allege an equal protection violation.

As to the alleged due process violation, there are two elements to a substantive due process claim: "(1) identification of the constitutional right at stake, and (2) consideration of whether the state action was arbitrary in a constitutional sense." *Bryant v. City of New York*, No. 99-CV-11237 (LMM), 2003 WL 22861926, at *8 (S.D.N.Y. Dec. 2, 2003) (citing *Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1984)). Because Plaintiff has no right to the investigation or prosecution of others, *see Linda R.S.*, 410 U.S. at 619, he has not plausibly alleged that Defendant's failure to investigate or initiate a prosecution concerning the alleged crimes constitutes a due process violation. Further, while Plaintiff also alleges that "Defendant has violated the Due Process Clause of the Fifth Amendment to the U.S. Constitution by adopting and enforcing inherently biased procedures [and] by permitting and condoning persistent and flagrant procedural abuses" (Compl. ¶ 55), he alleges no facts in support of these allegations.

Plaintiff also alleges that Defendant violated 18 U.S.C. § 242, a statute criminalizing the deprivation of rights under color of law, because the United States Attorney's Office "has a Public Corruption Unit which is supposed to handle cases like the one presented in this Complaint"; "Plaintiff sent Mr. Berman countless letters detailing what had occurred to him"; and "yet the U.S. Attorney and his Office did nothing about it." (Compl. ¶ 58.) This claim fails because Section 242 is a criminal provision that does not create a private right of action, *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994), and because, again, Plaintiff has no right to the investigation or prosecution of others.

8

Plaintiff's final cause of action, alleging that Defendant's "failure to perform even a cursory investigation into the crimes detailed in this Complaint is a form of Honest Services Fraud" in violation of 18 U.S.C. § 1346 (Compl. ¶ 63), fails for the same reasons. *See, e.g.*, *Carvel v. Ross*, No. 09 Civ. 0722 (LAK) (JCF), 2011 WL 856283, at *12 (S.D.N.Y. Feb. 16, 2011) (no private right of action for honest services fraud).

### D.     To the Extent Plaintiff Asserts a Claim under FOIA, That Claim Also Fails

While Plaintiff's Complaint does not include any count asserting a claim under FOIA, he alleges that "Freedom of Information requests have proven the depth of Mr. Berman's involvement [in the alleged crimes]" and "[d]espite receiving over a dozen letters, Mr. Berman and his Office [have] repeatedly denied Freedom of Information requests, most recently in the September 13, 2018 letter stating they have no information on Petitioner James H. Brady." (Compl. ¶ 5.)  Further, Plaintiff requests, "pursuant to 5 U.S.C. § 552, . . . injunctive and other appropriate relief seeking the disclosure and release of agency records improperly withheld from Plaintiff by the United States Attorney's Office for the Southern District of New York."  (*Id.* ¶ 65.)  Assuming Plaintiff intends to assert a claim under FOIA, that claim fails.

FOIA provides that a government agency, "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with [the agency's] published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person."  5 U.S.C. § 552(a)(3)(A).  While FOIA provides for judicial review of an agency's decision to withhold requested records, *id.* § 552(a)(4)(B), exhaustion of administrative remedies is generally required as a precondition to suit under FOIA, unless waived by the agency or the Court.  *See NAACP Legal Def. & Educ. Fund, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, No. 07 Civ. 3378 (GEL), 2007 WL 4233008, at *3 (S.D.N.Y.

9

Nov. 30, 2007).  Moreover, "failure to comply with an agency's FOIA regulations when making a FOIA request is the equivalent of failure to exhaust." *Id.* (internal quotation marks omitted).

In this case, searches of the records of this Office and those of the Executive Office for United States Attorneys ("EOUSA") did not reveal any purported FOIA requests other than four emails sent by Plaintiff to EOUSA's FOIA email address.  (*See* Declaration of Darian Hodge dated November 19, 2018 ("Hodge Decl.") ¶¶ 5-6 & Exs. A, B, C, D.)[2]  Only one of those emails is even phrased as a request; the other three, which were sent to numerous recipients including various news organizations, simply provide links to YouTube videos and discuss alleged scandals involving news organizations.  (*See id.* Exs. A, B, C.)  The one email from Plaintiff that does include a request, dated July 5, 2017, simply states:  "Please send me all files that you have under my name and addresses" and provides "home" and "work" addresses and an email address.  (*Id.* Ex. D.)

In response to each of his emails, EOUSA sent Plaintiff a letter identifying the deficiencies in Plaintiff's request.  (Hodge Decl. Exs. E, F, G, H.)  In the case of Plaintiff's request for "all files . . . under [his] name and addresses," the response letter states:  "Before the Executive Office can begin processing your request, it is necessary for you to correct one or more deficiencies," and identifies as deficiencies: (i) Plaintiff's failure to provide a notarized signature; and (ii) Plaintiff's failure to identify the specific United States Attorney's Office whose records he sought.  (*Id.* Ex. H; *see* 28 C.F.R. § 16.3(a)(3) (FOIA requester must comply with verification of identity provision); *id.* § 16.3(b) ("Requesters must describe the records sought in sufficient detail to enable [Department of Justice] personnel to locate them with a

---

[2] These searches did not reveal any request that was denied by letter dated September 13, 2018, as Plaintiff alleges (Compl. ¶ 5).  (*See* Hodge Decl.)

10

reasonable amount of effort.".)  EOUSA has not located any records indicating that Plaintiff corrected these errors and resubmitted his request.  (*See generally* Hodge Decl.)  Because Plaintiff failed to submit a valid FOIA request, he did not exhaust his administrative remedies and this Court lacks jurisdiction over any FOIA claims he might intend to pursue.  *See McKevitt v. Mueller*, 689 F. Supp. 2d 661, 667 (S.D.N.Y. 2010) (dismissing case for lack of subject matter jurisdiction where plaintiff "failed to comply with the DOJ's FOIA regulations because the plaintiff failed to file a request as required by those regulations").

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint.

Dated:   November 19, 2018
        New York, New York

                            Respectfully submitted,

                            GEOFFREY S. BERMAN
                            United States Attorney for the
                            Southern District of New York
                            *Attorney for the Defendant*

By:    /s/ Rachael L. Doud
         RACHAEL L. DOUD
         Assistant United States Attorney
         86 Chambers Street, 3rd Floor
         New York, New York 10007
         Tel.: (212) 637-3274
         Fax: (212) 637-2786
         E-mail: rachael.doud@usdoj.gov