UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JAMES H. BRADY,

              Plaintiff,

   -v-

GEOFFREY S. BERMAN, United States Attorney for the Southern District of New York,

             Defendant.
------------------------------------------------------------ x

Case No. 18 Civ. 8459 (VEC) (BCM)

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-3274
Fax: (212) 637-2786
E-mail: rachael.doud@usdoj.gov

RACHAEL L. DOUD
Assistant United States Attorney
– Of Counsel –

**PRELIMINARY STATEMENT**

Defendant Geoffrey S. Berman, United States Attorney for the Southern District of New York ("Defendant"), respectfully submits this reply memorandum in further support of his motion to dismiss Plaintiff's complaint (the "Complaint") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

As discussed in Defendant's memorandum in support of his motion to dismiss the Complaint ("Opening Brief" or "Opening Br."), Plaintiff lacks standing to pursue his claims, which relate to Defendant's alleged failure to investigate "crimes" purportedly committed by various New York State judges, because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Plaintiff's memorandum in opposition to Defendant's motion to dismiss ("Opposition" or "Op.") does not meaningfully respond to, much less refute, this point. Plaintiff also fails to respond to Defendant's argument that Plaintiff's allegations regarding the first "crime" he alleges are barred by the pre-suit injunction entered in *Brady v. Goldman*, 18 Civ. 8459 (S.D.N.Y.). Further, in response to Defendant's argument that the Complaint fails to state a claim upon which relief could be granted, Plaintiff's Opposition merely recites the elements of the causes of action he asserts and declares that they are satisfied. Finally, Plaintiff's Opposition, like his Complaint, fails to identify any Freedom of Information Act ("FOIA") request that would provide this Court with jurisdiction over any FOIA claim Plaintiff might be pursuing. For these reasons, Plaintiff's Complaint should be dismissed.[1]

---

[1] Plaintiff also asserts in the Preliminary Statement to his Opposition that "sanctions [should be] imposed on the U.S. Attorney and Assistant U.S. Attorney." (Opp. at 1.) Plaintiff does not attempt to explain the basis for this request, and we strenuously object to it on the ground that it is entirely baseless.

## ARGUMENT

**I.   PLAINTIFF DOES NOT REFUTE THAT HIS CLAIMS PERTAINING TO JUDGE KORNREICH ARE BARRED BY THE PRE-SUIT INUNCTION ENTERED IN *GOLDMAN***

As discussed in Defendant's Opening Brief, Plaintiff's claims regarding the "crime" purportedly committed by Judge Kornreich are barred by the anti-suit injunction entered by Judge Abrams in *Goldman*. (Opening Br. at 6.) Plaintiff does not even attempt to refute this, and the portion of his Complaint pertaining to this alleged "crime" must therefore be dismissed.

**II.   PLAINTIFF DOES NOT IDENTIFY A LEGALLY COGNIZABLE INTEREST SUFFICIENT TO CONFER STANDING**

Because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S.*, 410 U.S. at 619, Plaintiff lacks standing to challenge Defendant's purported failure to investigate and prosecute the "crimes" Plaintiff alleges. (*See* Opening Br. at 7.) Plaintiff does not refute this well-established principle, instead arguing that he "is seeking the protection of Defendant, not the prosecution of an individual" and he has standing because "Defendant's failure to protect Plaintiff after being informed of an ongoing crime is traceable to the U.S. Attorney." (Opp. at 1-2, 9.) But to establish standing, a Plaintiff must show that he has suffered "an invasion of a *legally protected* interest," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (emphasis added)). Because there is no general legally protected right to "protection" from a U.S. Attorney, *see DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 194-203 (1989) (holding that there is no general constitutional right to governmental protection), Plaintiff cannot make this showing. Accordingly, Plaintiff's Complaint should be dismissed for lack of jurisdiction.

2

### III. PLAINTIFF'S OPPOSITION DOES NOTHING TO ALTER THE CONCLUSION THAT HIS COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

As discussed in Defendant's Opening Brief, each of the allegations in Plaintiff's Complaint fails to state a claim upon which relief could be granted:

- Plaintiff fails to plausibly allege that Defendant violated Plaintiff's equal protection rights because he does not allege that Defendant intentionally discriminated against him on the basis of a protected characteristic. (Opening Br. at 8 (citing *Hayden v. Cnty of Nassau*, 180 F.3d 42, 48 (2d Cir. 1999).)

- Plaintiff fails to plausibly allege that Defendant violated Plaintiff's due process rights because Plaintiff has no right to the investigation or prosecution of others. (Opening Br. at 8 (citing *Linda R.S.*, 410 U.S. at 619).)

- Plaintiff's claims for violations of 18 U.S.C. § 242 (deprivation of civil rights under color of law) and 18 U.S.C. § 1346 (honest services fraud) fail because those provisions are criminal statutes that do not create private rights of action, and because, again, Plaintiff has no right to the investigation or prosecution of others. (Opening Br. at 8-9 (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Carvel v. Ross*, No. 09 Civ. 0722 (LAK) (JCF), 2011 WL 856283, at *12 (S.D.N.Y. Feb. 16, 2011).)

Plaintiff does not meaningfully respond to the second and third points. With respect to his equal protection claim, Plaintiff argues that he is asserting a "selective enforcement" claim, based on the fact that "Defendant and other agencies" supposedly "did not follow procedures but instead covered up the crimes," while "[i]n the other cases cited, the litigants all had triable issue[s] adjudicated and the rules of law followed." (Opp. at 17-18). As an initial matter, this claim lacks merit because Defendant was not involved in adjudicating Plaintiff's claims. To the

3

extent Plaintiff argues that Defendant violated his rights because Defendant "has never allowed Plaintiff to file a criminal complaint" (Opp. at 17), that claim also fails because private individuals do not have the right to initiate prosecutions for violations of federal criminal laws, *see, e.g.*, *Bates v. Stapleton*, No. 7:08-cv-28 (KKC), 2008 WL 793623, at *3 (E.D. Ky. March 20, 2008); *Lewis v. Green*, 629 F. Supp. 546, 554 (D.D.C.1986), and Plaintiff has no right to challenge Defendant's decision not to initiate a prosecution, *Linda R.S.*, 410 U.S. at 619.

Further, while Plaintiff argues that Defendant's motion should be denied because Defendant "ha[s] not filed any documentary evidence whatsoever to warrant dismissal of Plaintiff's Complaint" (Opp. at 14), such evidence is unnecessary because, even accepting all of Plaintiff's allegations as true, he does not plausibly allege a basis for jurisdiction or an entitlement to relief. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (on a Rule 12(b)(6) motion court accepts all well-pleaded allegations contained in the complaint as true and draws all reasonable inferences in favor of the plaintiff); *S.E.C. v. Rorech*, 673 F. Supp. 2d 217, 221 (S.D.N.Y. 2009) (in considering a motion to dismiss pursuant to Rule 12(b)(1) court generally "accept[s] the material factual allegations in the complaint as true").

**IV.   PLAINTIFF'S OPPOSITION CONFIRMS THAT, TO THE EXTENT HE ASSERTS A CLAIM UNDER FOIA, THAT CLAIM FAILS**

As discussed in Defendant's Opening Brief, while Plaintiff's Complaint does not include any count asserting a claim under FOIA, Plaintiff appears to allege that Defendant improperly denied FOIA requests submitted by Plaintiff.

In order to bring suit in federal court pursuant to FOIA, a plaintiff must generally have exhausted his administrative remedies, including by "comply[ing] with [the] agency's FOIA regulations when making a FOIA request." (*See* Opp. at 9-10 (citing *NAACP Legal Def. & Educ. Fund, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, No. 07 Civ. 3378 (GEL), 2007 WL

4

4233008, at *3 (S.D.N.Y. Nov. 30, 2007).) In support of his Opposition, Plaintiff has submitted a "pile of emails and letters Plaintiff" purportedly "sent to The Department of Justice and the U.S. Attorney repeatedly asking to furnish information," which Plaintiff contends show that he exhausted his administrative remedies. (Opp. at 21 & Ex. M.) In fact, the documents Plaintiff attaches consist of various communications with the Department of Justice's Criminal and Civil Rights Divisions, the FBI, the Office of Government Information Services, and New York State—not this Office or the Executive Office for United States Attorneys. (*See id.* Ex. M.) None of these documents support finding that Plaintiff submitted a valid FOIA request to, or pertaining to, this Office, the denial of which this Court would have jurisdiction to review.

Plaintiff also contends that the affidavit submitted by Defendant in support of his motion to dismiss is somehow "false." (Opp. at 21.) Plaintiff has offered no support for this claim, which Defendant strenuously denies.[2]

---

[2] In his Opposition, Plaintiff also attempts to raise a new claim that "state and federal agencies" have retaliated against him for exercising his first amendment right to file a criminal complaint. (Opp. at 14-15.) While "[a] district court deciding a motion to dismiss may consider *factual allegations* made by a *pro se* party in his papers opposing the motion," *see Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (emphasis added), this does not mean that the *pro se* party may raise entirely new causes of action. *See, e.g.*, *Davila v. Lang*, 343 F. Supp. 3d 254, 267-68 (S.D.N.Y. 2018). At any rate, Plaintiff offers no facts in support of his claim that any government entity, much less Defendant, retaliated against him for filing a criminal complaint.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint.

Dated: February 14, 2019
       New York, New York

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York

By:    /s/ Rachael L. Doud
    RACHAEL L. DOUD
    Assistant United States Attorney
    86 Chambers Street, 3rd Floor
    New York, New York 10007
    Tel.: (212) 637-3274
    Fax: (212) 637-2786
    E-mail: rachael.doud@usdoj.gov