```
UNITED STATES DISTRICT COURT                            USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                           DOCUMENT
                                                        ELECTRONICALLY FILED
-------------------------------------------------------X DOC #:
JAMES H. BRADY,                                       : DATE FILED: 9/18/2019
                                                      :
                        Plaintiff,                    :
                                                      :         18-CV-8459 (VEC)
            -against-                                 :
                                                      :              ORDER
GEOFFREY S. BERMAN,                                   :
                                                      :
                        Defendant.                    :
-------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

       Plaintiff James Brady, proceeding *pro se*, has sued Geoffrey Berman, the U.S. Attorney for the Southern District of New York, bringing claims pursuant to the Due Process Clause, the Equal Protection Clause, two criminal statutes, and the Freedom of Information Act ("FOIA"). *See* Compl., Dkt. 1. On August 2, 2019, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending that the Complaint be dismissed. *See* R&R, Dkt. 35. For the following reasons, the R&R is ADOPTED IN PART. All parts of the Complaint other than the claim brought pursuant to FOIA are DISMISSED WITH PREJUDICE. The FOIA claim is DISMISSED WITH LEAVE TO AMEND. Plaintiff must file an Amended Complaint no later than **October 1, 2019**. If Plaintiff fails to do so, the Court will dismiss the FOIA claim with prejudice and mark this case closed.

## BACKGROUND

       Plaintiff's claims arise out of two real-estate-related cases that were litigated in the New York State courts: first, a case relating to the air rights of a building at 450 West 31st Street in Manhattan (the "Air Rights Litigation") and, second, a case relating to personal guarantees that were executed in connection with a space in another building, 336 West 37th Street, also in

Manhattan (the "Personal Guarantee Litigation"). *See* R&R at 1–5. Plaintiff brings claims pursuant to the Due Process Clause, the Equal Protection Clause, and two criminal statutes, 18 U.S.C. §§ 242 and 1346. *See* Compl. ¶¶ 52–65. Plaintiff seeks an injunction compelling Defendant to "protect [Plaintiff] from the consequences" of these two litigations, which Plaintiff characterizes as "crimes." *Id.* ¶ 64. Additionally, although not formally styled as a cause of action, Plaintiff also seeks the release of certain records from the U.S. Attorney's Office pursuant to FOIA, 5 U.S.C. § 551 *et seq. Id.* ¶ 65.

The Magistrate Judge recommended dismissing the Complaint, with prejudice, because Plaintiff lacks standing to pursue the injunction, because Plaintiff fails to state a claim under FOIA, and because Plaintiff's action violates an anti-filing injunction that has been entered against him. *See* R&R.

## DISCUSSION

**I.      Standard of Review**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When an R&R rules on dispositive motions, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38–39 (2d Cir. 1997). When reviewing the submissions of a *pro se* litigant, they must be "construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis omitted) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

## II. The Anti-Filing Injunction

Plaintiff has filed in this District more than a half-dozen lawsuits relating to the Air Rights Litigation. *See* R&R at 3. On February 3, 2017, a Court in this District entered an anti-filing injunction against Plaintiff, enjoining him from "filing new actions in the Southern District of New York that relate in any way" to the Air Rights Litigation. *Brady v. Goldman*, No. 16-CV-2287, 2017 WL 496083, at *2 (S.D.N.Y. Feb. 3, 2017), *aff'd*, 714 F. App'x 63 (2d Cir. 2018). That injunction has been the basis for the dismissal of at least one lawsuit in this District. *See Brady v. Difiore et al.*, No. 1:19-cv-4380, Dkt. 4.

The R&R found that the anti-filing injunction bars Plaintiff from bringing all of the claims in this action, whether the claims relate to the Air Rights Litigation or to the Personal Guarantee Litigation. *See* R&R at 13–14. Defendant, however, conceded in his motion to dismiss that the injunction does not apply to claims related to the Personal Guarantee Litigation or to "a properly presented FOIA case seeking records on Plaintiff." Def.'s Mem. of Law, Dkt. 10, at 6 n.1.

The R&R correctly concludes that the anti-filing injunction bars Plaintiff's claims to the extent that they relate to the Air Rights Litigation (other than those brought pursuant to FOIA, as discussed below). The claims related to the Air Rights Litigation fall squarely within the scope of the injunction, which is broad and which has been affirmed by the Second Circuit. The Court disagrees with the R&R, however, that the injunction bars the parts of Plaintiff's claims that relate to the Personal Guarantee Litigation. That litigation relates to a different building than the Air Rights Litigation and does not clearly fall within the scope of the anti-filing injunction.

As to the FOIA claim, Plaintiff has not alleged that he has ever made a valid request for records from Defendant, nor has Plaintiff stated precisely which records he seeks. It is not clear,

for example, whether Plaintiff seeks from Defendant records relating to himself, the Air Rights Litigation, the Personal Guarantee Litigation, or some combination of these categories. Given this ambiguity, the Court will not apply the anti-filing injunction to bar Plaintiff's FOIA claim, even to the extent that the claim seeks records relating to the Air Rights Litigation. As discussed below, Plaintiff's FOIA claim will be dismissed with leave to amend; the Court leaves open for future litigation whether the anti-filing injunction should apply to the FOIA claim.

In sum, the Court holds that the February 3, 2017 anti-filing injunction applies to all parts of Plaintiff's claims that relate to the Air Rights Litigation other than those brought pursuant to FOIA. The parts of Plaintiff's claims to which the injunction applies are dismissed with prejudice.[1]

## III. Standing

The R&R found that Plaintiff lacks standing to pursue the injunctive relief pleaded in the Complaint. *See* R&R at 8–10. The Court agrees with and adopts this portion of the R&R. As the R&R stated, the Complaint makes clear that Plaintiff seeks to compel Defendant to investigate the alleged "crimes" committed during the Air Rights and Personal Guarantee Litigations. *See id.* at 9; Compl. ¶¶ 58–59. Plaintiff's objections to the R&R also made that clear. *See* Pl.'s Objs. ¶¶ 25–26, 29, 50–54, 67.[2] It is well-established that a private citizen does

---

[1] Plaintiff argues that the law-of-the-case doctrine bars application of the anti-filing injunction to his claims. *See* Pl.'s Objs., Dkt. 36, ¶¶ 4–8, 20, 32, 77. That is not correct. On September 21, 2018, this Court ordered Plaintiff to show cause why this case should not be dismissed based on the anti-filing injunction. *See* Dkt. 4. Plaintiff filed a response, but before the Court could rule on the matter, Defendant filed a motion to dismiss. *See* Dkt. 9. The Court then referred this case to the Magistrate Judge for a report and recommendation on the motion to dismiss and on issues relating to the anti-filing injunction. *See* Dkt. 14. At no point in the case did this Court or the Magistrate Judge rule that the anti-filing injunction does not apply.

[2] Specifically, Plaintiff seeks an injunction to allow him to file with Defendant's office a "criminal complaint" that would require the office to investigate the litigations and make a "determination . . . based on the facts and evidence" whether prosecution is warranted. Pl.'s Objs. ¶¶ 25–26; *see also id.* ¶¶ 29, 50–54, 67; Compl. ¶¶ 58–59; R&R at 9.

4

not have standing to challenge a prosecutor's failure to investigate or to prosecute other individuals. *See* R&R at 9 (citing *Brady v. Schneiderman*, No. 15-CV-9141, 2016 WL 3906737, at *3 (S.D.N.Y. July 13, 2016), *aff'd*, 714 F. App'x 60 (2d Cir. 2018)). Accordingly, Plaintiff's claims are dismissed with prejudice to the extent that they seek injunctive relief against Defendant (whether relating to the Air Rights Litigation, the Personal Guarantee Litigation, or both).[3, 4]

## IV. FOIA Claims

The Complaint alleges that Defendant has "repeatedly denied" Plaintiff's FOIA requests. *See* Compl. ¶¶ 5, 65; Pl.'s Objs. ¶ 78. The R&R recommended dismissing Plaintiff's FOIA claim because Plaintiff fails to allege either that he made a valid FOIA request to Defendant or that he exhausted his administrative remedies prior to filing suit. *See* R&R at 10–12.

FOIA requires that a request for records "(i) reasonably describe[] such records and (ii) [be] made in accordance with [the agency's] published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). The statute requires, as a prudential matter, that the plaintiff exhaust administrative remedies before filing suit. *See Dennis v. United States*, No. 10-CV-5042, 2011 WL 344760, at *2 (E.D.N.Y. Jan. 31, 2011);

---

[3] Citing three cases, Plaintiff argues that he has a First Amendment right to "file a criminal complaint" to petition the government to commence an investigation. *See* Pl.'s Objs. ¶¶ 22, 73 (citing *Hogan v. Cty. of Lewis*, 929 F. Supp. 2d 130, 147 (N.D.N.Y. 2013); *Jackson v. N.Y. State*, 381 F. Supp. 2d 80, 89 (N.D.N.Y. 2005); *Lott v. Andrews Ctr.*, 259 F. Supp. 2d 564, 568 (E.D. Tex. 2003)). This argument lacks merit. Those cases held that such a petition, once filed, is a protected form of speech under the First Amendment; they did not hold, as Plaintiff argues, that a person has a First Amendment right to compel the government to conduct an investigation through such a petition.

[4] As to both the claims for injunctive relief and the claims to which the anti-filing injunction applies, the Court dismisses these claims with prejudice and without leave to amend. Because the anti-filing injunction applies to all actions that relate in any way to the Air Rights Litigation, and because Plaintiff does not, as a matter of law, have standing to challenge Defendant's prosecutorial decisions, any repleading of these claims would be futile.

*NAACP Legal Def. & Educ. Fund, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, No. 07-CV-3378, 2007 WL 4233008, at *3 (S.D.N.Y. Nov. 30, 2007).

The Court agrees that Plaintiff's FOIA claim should be dismissed, as the allegations in the Complaint do not make clear that Plaintiff complied with FOIA's requirements. First, it is not clear that Plaintiff ever requested records from Defendant or from Defendant's office, the U.S. Attorney's Office for the Southern District of New York ("USAO-SDNY"), or ever identified that office as having documents that he was seeking through a FOIA request.[5] Although Plaintiff submitted, in response to Defendant's motion to dismiss, a series of requests that he had made to the Department of Justice and the Federal Bureau of Investigation, he submitted no evidence that he ever made such a request to the USAO-SDNY. Pl.'s Mem. of Law, Dkt. 18, Ex. M. Finally, Plaintiff has not alleged that he exhausted his administrative remedies prior to filing suit. Accordingly, as the R&R recommends, Plaintiff's FOIA claim should be dismissed.

The Court believes, however, that this claim should be dismissed with leave to amend. Although the documents that the parties submitted in connection with Defendant's motion strongly suggest that Plaintiff has not, to this date, submitted a valid FOIA request to Defendant, let alone that he has exhausted his administrative remedies, the Court cannot definitively determine those facts at this juncture. The Court, therefore, will grant leave to Plaintiff to amend his Complaint to add allegations that on a particular date he made a valid FOIA request to the USAO-SDNY, that the request was denied, and that he has exhausted his administrative

---

[5] In response to one of Plaintiff's requests to the Department of Justice ("DOJ"), DOJ told him "to further identify the records" that he was requesting because each component of the Department "maintains its own files." Pl.'s Mem. of Law, Ex. M at 10. It is not known whether Plaintiff ever identified the USAO-SDNY as a component of DOJ that might have the records he was requesting.

remedies. Plaintiff is warned, however, that failure to include all of these allegations will result in dismissal of his FOIA claim with prejudice.[6]

## CONCLUSION

For all the foregoing reasons, all of Plaintiff's claims other than those brought pursuant to FOIA are DISMISSED WITH PREJUDICE. Plaintiff's FOIA claim is DISMISSED WITH LEAVE TO AMEND. Plaintiff must file an Amended Complaint no later than **October 1, 2019**. If Plaintiff fails to do so, the Court will dismiss the FOIA claim with prejudice and mark this case closed.

The Clerk of Court is respectfully directed to CLOSE the open motion at Dkt. 9. The Clerk is also directed to MAIL a copy of this order to Plaintiff and to NOTE MAILING on the docket.

**SO ORDERED.**

Date: **September 18, 2019**
New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**

---

[6] If, as the Court suspects, Plaintiff has not heretofore made a valid FOIA request to Defendant, let alone exhausted his administrative remedies, then the proper procedure is to allow this case to be dismissed, make a proper FOIA request following the proper procedures, and then (if necessary) file a new FOIA claim if Defendant fails to comply.

Additionally, if Plaintiff amends his Complaint and Defendant moves to dismiss, Defendant is urged to cite more persuasive authority that the Court may take into account documentary evidence outside the pleadings in deciding the motion.