**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES H. BRADY

(List the full name(s) of the plaintiff(s)/petitioner(s).)

18 cv 08459 ( )( )

-against-

Geoffrey S Berman

(List the full name(s) of the defendant(s)/respondent(s).)

MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/2019

I move under Rule 4(a)(5) of the Federal Rules of Appellate Procedure for an extension of time to file a notice of appeal in this action. I would like to appeal the judgment entered in this action on  9/18/19  but did not file a notice of appearance within the required time period because:

The case was Not closed till Oct 23, 2019 No Appeal forms were Sent till After whole case closed. Please see Attached explaination

(Explain here the excusable neglect or good cause that led to your failure to file a timely notice of appeal.)

Dated: 11/14/19

Signature: [signed] Jas H Brady

Name (Last, First, MI): JAMES H BRADY

Address: 510 Sicomac Avenue   City: Wyckoff   State: NJ   Zip Code: 07481

Telephone Number: 201-923-5511

E-mail Address: BRADYNY@GMAIL.COM

Rev. 12/23/13

Pursuant to Federal Rule of Appellate Procedure 4(a)(4)(A)(v) and 4(a)(1)(B), Mr. Brady's time to appeal extends until **December 15, 2019.**

SO ORDERED.

*Valerie Caproni* 11/19/2019

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

James H. Brady
510 Sicomac Ave.
Wyckoff, NJ 07481

RECEIVED

2019 OCT 16 PM 1:16

CLERK'S OFFICE
U.S. COURT OF APPEALS

October 15, 2019

Honorable Valerie E. Caproni
Thurgood Marshall United States Courthouse
40 Foley Square
New York NY 10007



Re: *James H. Brady v. Geoffrey S. Berman*, Index: 1-18-cv-08459

Dear Judge Caproni:

I am replying to the letter submitted on October 11, 2019 by Assistant United States Attorney Rachael L. Doud (Document Number 44).

In her second paragraph Ms Doud states the following:

> "*A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.*" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013)"

The actions of the United States Attorney Geoffrey S. Berman and his Assistant United States Attorney Rachael L. Doud are unlawful and unconstitutional, and the Court must reconsider it's September 18, 2019 Decision to prevent a "manifest injustice".

In the thirteen months since this case was filed on September 17, 2018, neither the United States Attorney Geoffrey S. Berman, his Assistant United States Attorney Rachael Doud, Magistrate Judge Barbara Moses, or this Court have disputed the fact that on September 5, 2018 my family and I had our life savings of over 2.5 million dollars wiped out by unlawful and unconstitutional New York State Court created debt.

Plaintiff's October 1, 2019 Memorandum of Law in Support of Plaintiff's Motion for Reargument and Reconsideration was 21 pages long and filled with reasons why the Court must reverse its September 18, 2018 Decision. All Plaintiff was seeking in his complaint and Re-argument motion was the enforcement of his First Amendment right

1

to "petition the Government for a redress of a grievance." The United States Attorney has no answer for depriving Plaintiff of that right, so all they could say in their October 11, 2019 one page boiler plate reply was that the Court made no mistakes in its Decision that deprived Plaintiff of his right "to petition the Government of a redress of a grievance."

Plaintiff is a United States citizen and has a First Amendment right to law enforcement protection, which includes the right to file a criminal complaint to have his claim redressed. The October 11, 2019 letter from Ms. Doud is the latest evidence of the United States Attorney's personal involvement in an obstruction of justice scheme and in the conspiracy to destroy Plaintiff and his family. This is conduct that is forbidden under the United States Constitution, and the Court must protect Plaintiff's rights to prevent a manifest injustice.

Sincerely,

/s/ James Brady
James H. Brady

2